UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kevin Gil

    v.                            Civil No. 11-cv-15-JL

Warden, Mule Creek State Prison

**REPORT AND RECOMMENDATION**

Kevin Gil has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 New Hampshire conviction on the basis that his guilty plea was not entered knowingly, intelligently, and voluntarily. The matter is before the court for preliminary review to determine whether the petition may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se filings by prisoners).

**Standard of Review**

Under this court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. LR 4.3(d)(2). Pro se pleadings are construed liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551

U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003). The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See LR 4.3(d)(1) (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).

To determine if the petition states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, No. 09-2207, 2011 WL 1228768, *9 (1st Cir. Apr. 1, 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal

quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Ocasio-Hernández, 2011 WL 1228768 at *9.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).  Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."  Ocasio-

3

Hernández, 2011 WL 1228768 at *9.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

## Background

Kevin Gil is serving a forty-five years to life prison sentence for a New Hampshire murder conviction.  He is currently incarcerated in California.  Prior to his transfer to California, Gil was serving his sentence at the New Hampshire State Prison in Concord, New Hampshire.  In March 2004, Gil pleaded guilty to escape and conspiracy to commit escape, arising out of his 2003 escape from the New Hampshire State Prison, while he was serving his murder conviction sentence.

Upon his guilty plea to the escape charges, Gil was sentenced to two 7 ½ - 15 year sentences, to run concurrently with one another, and consecutively to the forty-five year to life sentence, pursuant to a plea agreement negotiated with the New Hampshire Attorney General's Office.  The letter memorializing that plea agreement is attached to Gil's petition.  The terms of the negotiated plea included the government's agreement to transfer Gil "to another correctional facility with which it has a relationship through the Interstate Compact as soon as possible."  It was anticipated that Gil would be

transferred out-of-state within four months of the date of his guilty plea, or by July 2004.

Prior to that agreement and to Gil's guilty plea, New Hampshire prison officials had advised Gil that he was slated to be transferred out-of-state. Gil expressed a preference to be transferred to Massachusetts or Connecticut, but was told he would not have a choice as to the location of his transfer. Gil's written request for information regarding his future transfer, penned in November 2003, indicates, however, that Gil was aware that he could be moved out of the area.[1]

It is not apparent in the present record when Gil was transferred, although Gil implies that his transfer occurred before he had the opportunity to conduct post-conviction litigation in New Hampshire. The record implies that Gil's transfer out of New Hampshire occurred by July 2004. By October 2009, Gil was serving his New Hampshire sentence at a prison in California. On October 6, 2009, Gil wrote a letter to Kevin Broadwater, an Interstate Compact Coordinator for the California prison where Gil is incarcerated. That letter expressed Gil's

---

[1] Specifically, Gil requested a climate with "seasonal hot, not too humid though or within the possibilities of still enjoying the winter months." The request itself evidences that Gil was aware that he could be moved somewhere that did not have a New England winter. However, because this matter can be resolved without addressing Gil's claim that he was unaware he could be moved far away from New Hampshire, the court need not discuss the question further.

desire to return to New Hampshire. Broadwater responded to Gil, stating:

> You were accepted for placement within the [California Department of Corrections and Rehabilitation] under the auspices of the Western Interstate Corrections Compact (WICC) at the request of the NH DOC. In order for you to be returned to their jurisdiction, the NH DOC will have to contact this office indicating that you will be returning to them.

The letter provided Gil with the name and address of the individual at the New Hampshire State Prison to contact regarding any request to return to New Hampshire. The pleading does not indicate whether Gil took any further action to attempt to obtain a transfer back to New Hampshire.

### The Claims[3]

Gil has now filed this petition alleging the following claims:

1. Gil's guilty plea was not knowingly, intelligently, and voluntarily entered, as Gil was not advised by the sentencing court, or his attorney, and did not understand, that his guilty plea could result in his transfer to a prison facility that was outside of New England.

---

[3]The claims as identified here will be considered to be the claims raised in Gil's petition for all purposes. If Gil disagrees with the claims as identified, he must do so by properly moving to amend his petition, or filing an appropriate objection to this Report and Recommendation.

2.   Gil was denied the effective assistance of counsel because: (a) his attorney never advised him that he could be transferred to a correctional facility in California, which omission rendered his guilty plea involuntary because his attorney failed to adequately advise him of the consequences of his plea; and (b) he was "abandoned" by his attorney when he was transferred to California, and this denied him the ability to appeal his conviction.

3.   Gil's current placement in California violates the plain language of his plea agreement, as he never agreed to be transferred pursuant to the terms of the Western Interstate Corrections Compact.

4.   Gil has been denied meaningful access to the courts in that he has not been provided access to any New Hampshire law materials.

**Discussion**

I.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners.  See 28 U.S.C. § 2244(d)(1); see Wood v. Spencer, 487 F.3d 1, 4 (1st Cir. 2007).  AEDPA's one-year time limit runs from the time that the state court judgment of conviction became

7

final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See 28 U.S.C. § 2244(d)(1)(B)-(D); Wood, 487 F.3d at 4; David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003).  AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

While the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  See Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset the clock).

Because Gil did not appeal his state court conviction, his conviction for the escape charges became final on April 4, 2004, thirty days after Gil's guilty plea and sentence, which is the date upon which Gil's time period for filing a state court appeal expired.  N.H. R. Sup. Ct. 7(1)(C).  Gil did not appeal

his conviction to the state supreme court. In the ordinary course of events, therefore, Gil's time for seeking a federal habeas petition would have expired one year after the expiration of Gil's right to appeal to the state appellate court, in April 2005. See N.H. Sup. Ct. R. 7(1)(C). Gil filed no state court appellate or other post-conviction challenge to his conviction, and therefore, none of the one-year period following Gil's guilty plea is excluded from the limitations period. Accordingly, if no other exception to the statute of limitations applies here, Gil's petition is untimely and should be dismissed.

    A.    State Impediment to Filing

        1.    Legal Materials

Where State action has impeded a petitioner in filing a timely petition, the one-year "limitation period shall run from . . . [t]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); see Wood, 487 F.3d at 4. The alleged state impediment must have actually prevented the petitioner from filing a timely habeas petition, which is a fact-specific inquiry into the circumstances of Gil's failure to timely file

9

this action. See Wood, 487 F.3d at 7-8 (finding that under facts of that case, Brady violation could not fairly be said to have prevented petitioner from filing timely federal habeas petition (referencing Brady v. Maryland, 373 U.S. 83 (1963))).

Gil claims that he has been unable to challenge his New Hampshire conviction because he was transferred to California, where he was "abandoned" and provided no access to New Hampshire legal materials. Gil states it would thus be "an injustice to hold petitioner Gil accountable for any time delays in filing this writ." Gil also complains that he was not supplied with a transcript of his guilty plea and sentencing proceedings, which also hampered his ability to file a timely petition.

Gil asserts that he was denied access to New Hampshire legal materials when he was transferred to California. Nothing in the petition, however, indicates that Gil was denied access to federal legal materials. In a federal habeas petition, a petitioner may raise claims only under federal law; state law claims are not cognizable in a federal habeas action. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief "does not lie for errors of state law"). Gil's habeas claims arise under the Fourteenth Amendment's due process guarantee and the Sixth Amendment right to the effective assistance of counsel. Gil only needed access to federal legal materials to research these issues and file this action. Even

10

assuming the truth of Gil's assertion that he was denied access to New Hampshire legal materials, Gil has neither asserted that he was denied access to any of the federal legal materials he would need to file this action nor identified what materials he needed that he could not access.

Gil's distance from New Hampshire, and consequent lack of access to New Hampshire legal resources, did not prevent Gil from timely filing this petition.  To the extent that Gil's failure to timely file was caused by Gil's mistaken belief that he needed access to New Hampshire legal materials, such a belief was not created by state action, and is thus not grounds for tolling the limitations period in this case.

### 2.   New Hampshire Attorney

Gil also asserts that his California transfer denied him access to his New Hampshire attorney.  "There is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). Gil's lack of access to an attorney, following his State-created transfer, does not violate any constitutional right, and does not, therefore, warrant tolling of the limitations period in this case.

B.   Unawareness of Availability of Habeas Relief

Gil claims that, due to his lack of access to his attorney, New Hampshire legal materials, and "a means to appeal the New Hampshire conviction adequately," he was unaware that he could seek habeas relief from his placement in California.  Gil states that his present ability to file this petition resulted from assistance he has recently received from another inmate.

"Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely habeas filing."  Cordle, 428 F.3d at 49 (internal punctuation and citation omitted).  Gil's lack of knowledge that he could challenge his conviction and sentence in a habeas proceeding does not therefore excuse the late filing of this petition.

The court notes that Gil has not, in his petition, offered any indication that he was diligent in pursuing or inquiring after his rights.  It appears Gil took no action to challenge his conviction and sentence before December 2010, when he first filed the instant petition.  Gil entered his guilty plea in 2004, and indicates he was transferred to California quickly enough to prevent him from challenging his conviction and sentence in New Hampshire.  Paperwork filed with the petition indicates that Gil was transferred within four months of his guilty plea – or by the summer of 2004.  Nothing indicates that Gil took any action to challenge this transfer until December

12

2010, more than five years after the limitations period expired. Accordingly, the court cannot find at this time that the present petition was timely filed, or that the limitations period in this matter should be equitably tolled to allow this petition to proceed.

## II.  Access to the Courts

Gil claims that he has been denied access to any New Hampshire legal materials. As addressed above, Gil refers to this deprivation, in part, in an effort to excuse the untimely filing of this petition. To the extent, however, that Gil seeks to otherwise redress a constitutional injury due to the lack of access to New Hampshire legal materials, he must prosecute that claim in an action brought pursuant to 42 U.S.C. § 1983, rather than in this habeas action. See Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (explaining that habeas petitions filed pursuant to 28 U.S.C. § 2254 are the appropriate means of seeking release from unlawful confinement, while an action under 42 U.S.C. § 1983 is the appropriate means of attacking the constitutionality of conditions of confinement). To the extent Gil seeks to redress the unconstitutional deprivation of meaningful access to the courts, therefore, the claim should be dismissed from this habeas action, without prejudice to Gil refiling such a claim in a civil rights action.

**Conclusion**

For the foregoing reasons, the court recommends that this petition be dismissed as untimely filed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 22, 2011

cc: Kevin Gil, pro se

LBM:jba